**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RICHARD STEARNSMILLER,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　**CASE NO. 4:05CV421-MMP/AK**

**JAMES V. CROSBY, et al,**

    **Defendants.**

    _____/

**REPORT AND RECOMMENDATION**

This cause has been pending since November 8, 2005, and Plaintiff has yet to submit the partial filing fee as required by 28 U.S.C. §1915, although he has filed numerous "memoranda" and other unnecessary papers. (Docs. 4, 11, 12, 16, 18, 21). By Order dated February 15, 2006, after Plaintiff finally submitted an inmate account statement showing large deposits into his account within the last six months, he was ordered to pay a partial filing fee of $206.78 on or before March 24, 2006. No fee has been submitted.

Magistrate Judge William C. Sherrill recommended that Plaintiff's habeas proceeding (Case No. 4:05CV508-WS/WCS) be dismissed for similar difficulties in

receiving a filing fee and ordered that his report and recommendation be filed in this cause also for consideration of his findings with regard to Plaintiff's failure to pay the fee. (Doc. 27). After reviewing Judge Sherrill's findings and the papers Plaintiff has filed in this cause excusing himself from complying with similar directives, the undersigned finds, as Judge Sherrill did, that Plaintiff has considerable funds available to him, which he chooses to spend on items other than paying for the lawsuits he wishes to file in this Court, and this cause should be dismissed.

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute. Link v. Wabash Railroad, 370 U.S. 626, 82 S. Ct. 1386, 8 L.Ed2d 734 (1962). Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for failure to obey a court order. Because Plaintiff refuses to submit the partial filing fee, he is failing to prosecute his action, and he has also failed to comply with an order of this Court directing that he pay the partial filing fee. (Docs. 23). Because Plaintiff has a large inmate account, his failure to pay the partial fee and to delay this cause for six months with frivolous excuses should be deemed a "strike" within the meaning of 28 U.S.C. §1915(g).

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** with prejudice for failure to prosecute, failure to obey a court order, and as frivolous. The Clerk should be directed to note on the docket that this dismissal constitutes a

No. 4:05CV421-MMP/AK

"strike" within the meaning of 28 U.S.C. §1915(g).

**IN CHAMBERS** at Gainesville, Florida, this 4th Day of May, 2006.

s/ A. KORNBLUM
ALLAN KORNBLUM
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

No. 4:05CV421-MMP/AK